IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RODNEY TWEEDY and CHERRI TWEEDY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV 124-225 |
| SUPERIOR COURT OF RICHMOND COUNTY STATE OF GEORGIA; DANIEL J. CRAIG (Judge); JARED T. WILLIAMS (DA) (DA); KEN ROGERS (Investigator); KIMBERLY REED (Niece); KENNETTA REED (Niece); EBONY REED (Niece); RAHMAAN BOWICK (Public Defender); and KATHERINE MASON (Public Defender), | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a pre-trial detainee at the Charles B. Webster Detention Center in Augusta, Georgia, has submitted a completed "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" and seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In his complaint, Plaintiff alleges his nieces, Defendants Kimberly, Kennetta, and Ebony Reed, falsely informed law enforcement Plaintiff was "beating [his] wife and holding her captive." (Doc. no. 1, p. 6.) Thereafter, Defendant Investigator Rogers arrived at Plaintiff's house, arrested him on false imprisonment charges,

and took him to the Charles B. Webster Detention Center, where Plaintiff remains detained. (Id. at 6-7.)  Plaintiff alleges he is falsely detained.  (Id. at 9.)  Plaintiff seeks to have his charges dropped, his bond lowered, compensation for pain and suffering, and other forms of relief.[1]  (Id. at 10.)

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Moreover, to state a claim pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  However, Plaintiff's complaint is not clear as to whether he is asserting a § 1983 claim against Defendants, or whether he is challenging the validity of his pre-trial detention.  Plaintiff filled out his complaint on a § 1983 form, seeks monetary compensation for pain and suffering, and alleges claims against the individual who arrested him.  (Doc. no. 1, pp. 6-8, 10.)  On the other hand, Plaintiff asserts he is being falsely detained in pre-trial detention and is innocent of all charges.  (Id.)

To the extent Plaintiff, as a pre-trial detainee, seeks release from custody, a pre-trial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241.  Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States.  Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.'  Such

---

[1] For example, Plaintiff also seeks to get his "wife of 15 years back" and for "the truth to come out in [his] case 2024RCCR1272."  (Doc. no. 1, p. 10.)

a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Lastly, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether, through his IFP motion, Plaintiff is contending he cannot pay the $5.00 habeas corpus filing fee or the full $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a § 2241 habeas corpus petition. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form § 2241 habeas corpus petition with Plaintiff's service copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[2] Alternatively, he may notify the Court he does not presently intend to proceed with any federal case.

Once Plaintiff responds to this Order, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 13th day of December, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] If Plaintiff wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.